*1195
 
 ST. PAUL, J.
 

 Under Act 14 of 1917 (Ex. Sess.) §§ 2,
 
 4,
 
 and 5, no assessment shall be made against any bank of its capital, ''surplus, and undivided profits; but the shares of stock in said bank shall be assessed to the shareholders at the domicile of the bank, the taxes thereon to he paid by the bank, which shall be entitled to reimbursement from its shareholders.
 

 The basis of valuation for said shares shall be the book value thereof according to the return made to the proper state or national officers, less, however, the book value of the real estate belonging to said bank and assessed directly to said bank.
 

 In due course plaintiff made its return to the proper state official and to the assessor, showing that the book value of its 2,000 shares of stock, less the real estate, was $295,920, and the assessment was made accordingly. But said assessment was not completed or filed in the mortgage office of the parish until October 17, 1928.
 

 Before said assessment was thus completed, Act 221 of 1928 went into effect, to wit, on August 1, 1928. And according to the terms thereof the basis of valuation for the shares of stock in any bank, should exclude, not only the real estate assessed to the bank, but also the book value of the capital stock of any corporation, “all the capital stock of which (except directors’ qualifying shares, if any) is owned by said bank * * * and all, or substantially all, the assets of which consist of real estate acquired for debt,” or wherein the main bank or its branches may be located.
 

 At the time said Act 221 of 1928 went into force, and prior to January 1st of said year,' plaintiff was, and had been, the owner of all the capital stock (less directors shares) of a corporation styled “Opelousas-St. Landry Securities Co. Incorporated,” the entire amount of which was invested in real estate acquired by plaintiff bank for debt, and turned over to said securities company, in exchange for shares of its capital stock, and which shares of capital stock of said securities company the plaintiff bank carried on its book at a valuation of $199,880.
 

 On April 3, 1929, plaintiff brought this mandamus to compel the defendant tax collector to accept the taxes on the shares of stock of said plaintiff on the basis of valuation fixed by said Act 221 of 1928 instead of on the basis of valuation fixed by Act 14 of 1917 (Ex. Sess.) that is to say, to accept payment on an assessment $199,880 lower than that fixed by the assessor.
 

 Defendant contends that the proceeding is purely and simply a suit to reduce an assessment and cannot be entertained by the court, because it was not brought within thirty days after the assessment rolls were filed in the mortgage records of the parish. Act 97 of 1924.
 

 We think the contention well founded. The only thing assessed by the assessor was the shares of stock of the plaintiff bank. These were assessed on a basis which included the valuation of shares in the securities company. But conceding that to have been an erroneous basis of valuation after the passage of Act 221 of 1928, and before the assessment for the year 1928 was completed, the fact still remains that the only thing assessed was the stock in plaintiff bank; and the only thing which the tax collector intends to or can collect is the tax upon said shares. And to compel said tax collector to accept taxes on said shares of stock at a valuation $199,880, less than the valuation at which they stand on the assessment rolls, is simply to compel a reduction in the assessment of said stock. Plaintiff does not, and could not, complain
 
 *1197
 
 that its own shares of stock were not assessable and taxable at some valuation; all that it does or could complain of was that said shares were assessed and taxed on a basis which was too high; and any attempt to lower the basis of valuation on which said shares are assessed and taxed is merely an effort to reduce the assessment thereon.
 

 Being of opinion that this suit is merely an effort to reduce an assessment, we think it came too late when more than thirty days had elapsed after the assessment roll was filed in the mortgage records. Act 97 of 1924. defendant is entitled to 10 per cent, attorney’s And accordingly we are also of opinion that fees upon the amount of the taxes involved. Act 170 of 1898, § 56.
 

 Decree.
 

 The judgment appealed from is therefore reversed, and it is now ordered that the demand of the plaintiff be rejected at its costs in both courts; and that the tax collector do have and recover of plaintiff 10 per cent, of the aggregate of taxes collected as attorney’s fees herein.
 

 O’NIELL, O. J., and OVERTON, J., dissent.